UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TIMOTHY TIDWELL,

        Plaintiff,

vs.

DOLLAR TREE STORES, INC.,
and CONGRESS LAKE WORTH LLC,

        Defendants.

_____/      <u>INJUNCTIVE RELIEF SOUGHT</u>

<u>C O M P L A I N T</u>

Plaintiff, TIMOTHY TIDWELL, by and through the undersigned counsel, hereby sues

DOLLAR TREE STORES, INC., and CONGRESS LAKE WORTH LLC (hereinafter, collectively

"Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181,

*et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter,

the "ADAAG"), and alleges as follows:

<u>JURISDICTION</u>

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and

1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to

remove physical barriers to access and violations of Title III of the ADA (<u>see</u> <u>also</u>, 28 U.S.C. §§ 2201

and 2202).

<u>PARTIES</u>

2.      Plaintiff is disabled as defined by the ADA and substantially limited in performing one

or more major life activities, including but not limited to walking, standing, grabbing and grasping.

Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or full and equal

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered

therein was restricted and/or limited because of these disabilities, and will be restricted and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3.      Completely independent of Plaintiff's personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of Plaintiff, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.  Plaintiff personally visits the public accommodation where Plaintiff knows or where it has been reported that illegal barriers to access exist; engages barriers to access that Plaintiff is able to access or has barriers reported, documented and/or photographed; and tests barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action  to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits for personal reasons, Plaintiff also intends to revisit the premises to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4.      In this instance, Plaintiff, individually and for personal reasons, and also as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations set forth herein.

5.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendants' actions or inaction described herein.

6.      Defendants transact business in this judicial district.  Defendants are the owners, lessees,

lessors and/or operators of the real property and improvements which are the subject of this action, commonly referred to as Dollar Tree, located at or about 3485 S. Congress Avenue, Palm Springs, Florida 33461 (hereinafter, the "Facility").

FACTUAL ALLEGATIONS AND CLAIM

7.      On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the ADA), 42 U.S.C. § 12101, *et seq.*

8.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

9.      Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of

3

discrimination against individuals with disabilities;

    (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

10.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

11.    The Facility is a public accommodation and service establishment.

12.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. § 36.508(a).

13.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

14.    Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.    Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this

Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

16.     Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

17.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

   a. There is not an accessible route throughout the site and facility. 2010 Standards sections 206 and 402.

   b. There are doors that are inaccessible. 2010 Standards sections 206.5 and 404.

   c. Counters where customer service and/or transactions occur are inaccessible. 2010 Standards sections 227 and 904.

   d. There are restrooms that are inaccessible. 2010 Standards sections 213 and 603.

   e. The restrooms lack sufficient clear floor space, maneuvering clearance and turning space. 2010 Standards sections 213 and 603.

   f. The water closets are inaccessible. 2010 Standards sections 213, 603 and 604.

5

g.  The accessible features are not maintained at the subject facility, which created barriers to access for the plaintiff, as set forth herein, in violation of 28 CFR 36.211, which remedy is readily achievable.

h.  There is a change in level on the accessible route to the front entrance from the accessible parking spaces violating sections 303.3 & 403.4 of the 2010 Standards.

i.  There is not a continuous path of travel connecting all essential elements of the facility, such as the walkway at the crossing that leads to a 6" high curb that does not provide a curb ramp and trash receptacle obstructing the path, violating Sections 206.2.1, 206.2.2, 303.3 & 406 of the 2010 ADA Standards, which remedy is readily achievable.

j.  There are portions of the accessible route where the clear width is less than the required minimum allowance pursuant to Section 403.5.1 of the 2010 Standards, which remedy is readily achievable.

k.  The height of the service counter at the facility exceeds the maximum allowed in Sections 904.4 and 904.4.1 of the 2010 Standards, which remedy is readily achievable.

l.  The Point of Sale counter exceeds the maximum height allowance in violation of section 309.3 in the 2010 ADA Standards.

m.  The door hardware to the restroom requires tight grasping and twisting of the wrist to operate, violating Sections 309.4, 404.2.7 of the 2010 Standards, which remedy is readily achievable.

n.  The toilet paper dispenser in the toilet compartments are not mounted 7" minimum to 9" maximum in front of the toilet to the centerline of the dispenser as required in Section 604.7 of the 2010 Standards, which remedy is readily achievable.

o.  The trash receptacle located next to the water closet does not provide for compliant clear floor space as required, violating 604.3 and 305 of the 2010 Standards, which remedy is readily achievable.

18.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility.  Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

19.     Plaintiff has attempted to gain access to the Facility, but because of Plaintiff's disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the

physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendants because of Plaintiff's disability, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

20.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

21.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

22.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.

23.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

WHEREFORE, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing the discriminatory practices set forth herein, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff reasonable attorney's fees, litigation expenses and costs.

Respectfully submitted,

By:    <u>/s/Todd W. Shulby, Esq.</u>
        Todd W. Shulby, Esq.
        Todd W. Shulby, P.A.
        1792 Bell Tower Lane
        Weston, Florida 33326
        Telephone: (954) 530-2236
        Facsimile: (954) 530-6628
        E-mail: tshulby@shulbylaw.com
        Florida Bar No.: 068365
        Counsel for Plaintiff